IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

PHYLLIS CONNATSER,

    Plaintiff,

v.                             No.:   3:13-cv-00418

UT-BATTELLE, LLC, and
DEBBIE OTTAWAY,

Defendants.

## AMENDED COMPLAINT

Comes the plaintiff, Phyllis Connatser, through counsel and sue the defendants UT-Battelle, LLC ("Battelle") and Debbie Ottaway ("Ottaway"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Plaintiff would show the Court the following:

1. The plaintiff is a citizen and resident of Blount County, Tennessee.

2. The defendant is a UT-Battelle, LLC, is a Tennessee Limited Liability Company formed in Tennessee on May 5, 1999. Its agent for service of process is Nicole Porter, General Counsel, 1 Bethel Valley Road, Oak Ridge, Tennessee 37830-8050. Defendant Debbie Ottaway was at all times material an employee of defendant UT-Battelle.

3. Plaintiff Phyllis Connatser was initially employed by Battelle on May 22, 1995, as a Summer Intern Student and later hired as an accountant.

4. Her status as an employee in good standing continued until in 2010 one Debbie Ottaway was made her supervisor. Almost immediately, Mrs. Connatser was singled out due to her country accent and manner of dress.

Ms. Ottaway subjected Ms. Connatser derogatory comments and unfair treatment.

5. Plaintiff Phyllis Connatser is disabled within the meaning of the ADA insofar as she was afflicted from birth with painful defects in the development of her feet including but not limited to plantar fasciitis. This condition seriously affects her ability to walk and/or stand and her gait, which has resulted in long term chronic pain in her feet, hips and back.

6. As a result, it became very difficult and painful for her to attend the offices of UT-Battelle. Plaintiff made her supervisors aware of this condition and she was allowed to work from her home using the defendant's computer equipment. Paperwork was prepared to accomplish this accommodation including, but not limited to, a Flexible Workplace Program Work Agreement and Property Removal Passes. In fact, plaintiff applied for short-term disability benefits provided by UT-Battelle, LLC. Her disability was certified on a document required by the benefits provider by her doctor, Kendale Ritchey, DPM.

7. At the time of the arrangement for her to work out of her home, plaintiff was considered a reliable, trustworthy and outstanding employee to the extent that she was entrusted with company property and company business while working from her home. She was also involved in rather intricate dealings with the Internal Revenue Service.

8. At or about the time of the installation of Debbie Ottaway as her supervisor, these arrangements were discontinued.

9. At times when the plaintiff was working on the defendant's premises, she was occasionally, but rarely, late for work. She was told by the supervisors preceding Ms. Ottaway's tenure, not to worry about it. After Ms. Ottaway became her supervisor, plaintiff was chastised for tardiness, when it occurred, but her male counterparts were not.

10. Given plaintiff's disability, the fact that she was qualified for the position to the extent that she was entrusted to perform her duties at home with the aid of the defendant's equipment, combined with the fact that her employer was well aware of her disability, she alleges that the reason given for her dismissal (insubordination and poor performance) was a mere pretext evidence of which is the singling of her out due to her country accent and manner of dress, as well as derogatory comments and unfair treatment.

11. Plaintiff is unaware of the abilities or disabilities of the individual who replaced her.

12. Plaintiff Phyllis Connatser was terminated from her employment at Battelle on June 14, 2012. The reason given for her termination was insubordination as well as poor performance. Plaintiff alleges that the reason for her dismissal as stated by the employer was a mere pretext and not the true reason for dismissal.

13. Plaintiff Phyllis Connatser pursued her claim of discrimination with the U.S. Equal Employment Opportunity Commission and was given permission to sue the defendants by April 17, 2013.

14. Plaintiffs claim that Phyllis Connatser's termination was discriminatory and in violation of Title VII and the ADA.

Premises considered, plaintiff demands judgment and damages against the defendants pursuant to and as provided by the provisions of Title VII and the ADA, as well as a jury to try the issues joined.

PHYLLIS CONNATSER

s/ Peter D. Van de Vate
Peter D. Van de Vate, BPR# 13078
Attorney for Plaintiff
P.O. Box 30201
Knoxville, TN 37930-0201
865-539-9684

## CERTIFICATE OF SERVICE

I hereby certify that on this 6TH day of September 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may gain access to this filing through the Court's electronic filing system.

s/ Peter D. Van de Vate