UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PHYLLIS CONNATSER, ) | |
| ) | |
| Plaintiff, ) | Case No.3:13-CV-00418 |
| ) | |
| v. ) | Judge Curtis L. Collier |
| ) | |
| UT-BATTELE, LLC and ) | |
| DEBBIE OTTAWAY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & JUDGMENT ORDER

Before the Court is a motion to dismiss filed by Defendants UT-Battelle ("UT-Battelle") and Debbie Ottoway ("Ottoway") (collectively "Defendants") (Court File No. 33). Plaintiff Phyllis Connatser ("Plaintiff")[1] responded opposing Defendants' motion to dismiss (Court File No. 37) and Defendants replied (Court File No. 38). For the following reasons, the Court will **GRANT** Defendants' motion to dismiss (Court File No. 33).

**I. FACTUAL BACKGROUND**

Plaintiff was employed by Defendant Battelle from 1995 to June 2012. She alleges that she has plantar fasciitis and that, as a result, she was allowed to work from home from 2000 until the installation of Debbie Ottoway as her supervisor. Ottoway allegedly required Plaintiff to provide documentation when she arrived and left work and to provide doctor's notes for any absences. Plaintiff alleges that other employees were not required to provide such documentation. Plaintiff was terminated in June 2012 for the stated reason of insubordination

---

[1] Plaintiff's initial complaint listed her husband as a co-plaintiff but it is unclear what basis he would have for suing either of the Defendants. Plaintiff's amended complaint does not list him as a Plaintiff and so he was terminated as a party.

and poor performance. Plaintiff was replaced by a female. Plaintiff filed a claim with the EEOC and obtained her right to sue letter in April 2013.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show

[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. Ottoway

Defendant Ottoway argues in her motion to dismiss that all claims against her should be dismissed because neither Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) nor the Americans with Disabilities Act ("ADA") impose liability on individuals. Plaintiff does not contest this in her response (Court File No. 37). Defendant Ottoway is correct that neither of these statutes impose liability on individuals. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."). And so the Court will **DISMISS** Plaintiff's claims against Defendant Ottoway.

#### B. UT-Battelle

In her Second Amended Complaint, Plaintiff alleges claims for national origin and sex discrimination in violation of Title VII and discrimination on the basis of disability in violation of the ADA. Defendant argues that Plaintiff's complaint has failed to state a claim under either statutory scheme.

##### 1. Title VII

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.* forbids employment discrimination based on, *inter alia*, national origin and sex. To establish a *prima facie* claim of discrimination, a plaintiff must demonstrate that "(1) he or she was a member of a

3

protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004) *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)).

Plaintiff alleges sex discrimination and national origin discrimination. Defendants concede that her termination would qualify as an adverse employment action, but Plaintiff fails to allege facts that satisfy the elements of her *prima facie* case of discrimination on the basis of either national origin. Neither her EEOC charge nor her Complaint ever specify her national origin and so she fails to establish her *prima facie* case as to discrimination based on national origin. She similarly fails to set forth facts that establish a prima facie case of sex discrimination because she admits that her replacement was female and does not point to any similarly situated male employees that engaged in similar conduct but were not fired. Indeed, Plaintiff fails to respond to any of Defendants' arguments on the Title VII claims in her response, instead focusing entirely on her ADA claims.[2] The Court will **DISMISS** Plaintiff's Title VII claims.

2.  ADA

The ADA prohibits employers from discriminating against a qualified individual "on the basis of disability." 42 U.S.C. § 12112(a). To state a claim under the ADA, Plaintiff is "required to show (a) she was disabled, (b) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation, and (c) she suffered an adverse

---

[2] A party's failure to respond to a motion "may be deemed a waiver of any opposition to the relief sought." E. D. Tenn L.R. 7.2; *see Campbell v. McMinn Cnty., Tenn.*, No. 1:10–CV–278, 2012 WL 369090, at *2, n. 5 (E.D. Tenn. Feb. 3, 2012) ("Plaintiff's failure to respond effectively waives any objections that he may have had . . . .").

4

employment action because of a disability." *Cardenas-Meade v. Pfizer, Inc.*, 510 F. App'x 367, 369 (6th Cir. 2013). Once she establishes this prima facie case, the burden then shifts to UT-Battelle to proffer a legitimate, nondiscriminatory reason for the adverse employment action. *Whitfield v. Tennessee*, 639 F.3d 253, 258–59 (6th Cir. 2011). If UT-Battelle does so, "the burden shifts back to [Plaintiff] to prove that [UT-Battelle's] explanation is pretextual." *Id*. The Sixth Circuit has identified three ways that an employee may show that an employer's proffered nondiscriminatory reason for an adverse employment action is pretextual. The employee may allege facts plausibly giving rise to an inference "(1) that the proffered reason has no basis in fact; (2) that the proffered reason did not actually motivate the adverse employment action; or (3) that the proffered reason was insufficient to motivate the adverse employment action." *Sarvak v. Urban Retail Props.*, 524 F. App'x 229, 234 (6th Cir. 2013) (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994), *overruled on other grounds by Geiger v. Tower Auto.*, 579 F.3d 614 (6th Cir. 2009)).

Both parties agree that any claims based on events that occurred before October 26, 2011 would be time barred pursuant to 42 U.S.C. § 2000e-5(e)(1). The only adverse employment action falling within the relevant time frame is Plaintiff's termination. UT-Battelle argues that Plaintiff has failed to allege facts from which the Court could plausibly infer that Plaintiff would not have been terminated "but for" her disability. A Plaintiff may show that her disability was the "but for" cause of her termination by showing she was treated differently than a similarly situated coworker. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). But, Plaintiff does not allege that a similarly situated coworker engaged in similar insubordination and poor performance and was not terminated. Plaintiff acknowledges that she was "occasionally late" (Compl. at ¶ 6), and while Plaintiff asserts that "she never received a negative comment" during

5

the period where she was allowed to work from home, that period ended in 2010. She makes no assertions regarding the quality of her work immediately preceding her termination.

Plaintiff also argues that several other instances mistreatment "support[] the inference that the defendant terminated the plaintiff's employment unlawfully" (Court File No. 37, Pl's. Resp. at p. 2). Presumably, Plaintiff is arguing that these instances allow the Court to infer that her insubordination and poor performance did not actually motivate her termination. Plaintiff alleges she was required to present a doctor's excuse any time her disability required her to be late. She argues that her treatment differed from the treatment of other employees. Other employees, including Judith Hickman who missed work for a double knee replacement, were not required to submit this documentation (Compl. at ¶¶ 14–15). But, Plaintiff admits that she was "occasionally late" (Compl. at ¶ 6) and Plaintiff does not allege that Judith Hickman—or any other employee of UT-Battelle—suffered from such habitual tardiness. Plaintiff also alleges that she was required to report her arrival to and departure from work by email to Ottoway. Other employees were not so required (Compl. at ¶ 16). But vague references to "other employees" are insufficient to support an inference of discriminatory motive. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation."). None of these facts allow the Court to plausibly infer that UT-Battelle's proffered reason for Plaintiff's termination was pretextual.

UT-Battelle provided a nondiscriminatory reason for terminating Plaintiff. Plaintiff has alleged no facts from which the Court could plausibly infer that Defendant's reason was pretextual. The Court will **DISMISS** Plaintiff's ADA claim.

6

## IV. CONCLUSION

For the above reasons, the Court will **GRANT** Defendants' motion to dismiss (Court File No. 33). There being no other issues, the Clerk is **DIRECTED** to **CLOSE** the case.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
   s/ Debra C. Poplin
CLERK OF COURT